# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BROADCAST MUSIC, INC.; HOUSE OF CASH, INC.; SONY/ATV SONGS, LLC d/b/a SONY/ATV TREE PUBLISHING; NASHVILLE STAR MUSIC, A DIVISION OF REVEILLE MUSIC PUBLISHING LLP; CARNIVAL MUSIC COMPANY d/b/a TILTAWHIRL MUSIC; SONY/ATV SONGS LLC; HOUSE OF GAGA PUBLISHING LLC; REDONE PRODUCTION LLC d/b/a SONGS OF REDONE,** : **Plaintiffs** v. **KRIS BOB, INC. d/b/a PR'S; and KRISTY J. RUHLMAN, individually,** **Defendants** | CIVIL ACTION NO. 1:15-CV-308  (Chief Judge Conner) |

## ORDER AND JUDGMENT

AND NOW, this 19th day of August, 2015, upon consideration of the motion (Doc. 11) for default judgment filed by Broadcast Music, Inc., ("BMI"), House of Cash, Inc., Sony/ATV Songs, LLC d/b/a Sony/ATV Tree Publishing, Nashville Star Music, a Division of Reveille Music Publishing LLP, Carnival Music Company d/b/a Tiltawhirl Music, Sony/ATV Songs LLC, House of Gaga Publishing LLC, and Redone Production LLC d/b/a Songs of Redone, (collectively, "plaintiffs"), wherein plaintiffs seek to enjoin defendants Kris Bob, Inc. d/b/a PR's and Kristy J. Ruhlman, from infringing copyrighted musical compositions licensed by BMI, and further seek statutory damages in the amount of $3,600 for each of three claims of past

infringement, as well as costs and attorney's fees in the amount of $4,761.75, plus interest on both the statutory damages and fees, and it appearing that the summons and complaint in the above-captioned matter were served on defendants by process server on February 27, 2015, (see Docs. 6-7), but that, as of the date of this order, defendants have not pled, see FED. R. CIV. P. 12 (stating that defendants "must serve an answer . . . within 21 days after being served with the summons and complaint"), or otherwise defended themselves in the above-captioned litigation,[1] and it further appearing that, on plaintiffs' request, (Doc. 8), the Clerk of Court entered default (Doc. 10) against defendants on May 12, 2015, see FED. R. CIV. P. 55(a) (directing the Clerk to enter default when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise"), and the court finding that entry of default judgment is appropriate at this juncture,[2] and concluding that injunctive relief is both statutorily authorized and warranted given defendants' past and likely

---

[1] Nor has counsel entered an appearance on behalf of defendants. Given the corporate status of defendant Kris Bob, Inc., said defendant cannot proceed *pro se* before the court. See Lawson v. Nat'l Continental-Progressive Ins. Co., 347 F. App'x 741, 742 (3d Cir. 2009) ("[A] corporation . . . cannot proceed as a *pro se* litigant," nor may "a non-attorney represent the interests of a corporation in federal court.") (citing Rowland v. Cali. Men's Colony, 506 U.S. 194, 201-02 (1993)).

[2] When a defendant fails to appear, district courts may "enter a default judgment based solely on the fact that the default has occurred." Anchorage Assocs. v. Virgin Island Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990). As a consequence of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Plaintiffs' *allegata*, assumed true for purposes of the instant motion, sufficiently prove three instances of copyright infringement against defendants.

continued violations of the Copyright Act,[3] see 17 U.S.C. § 502 (stating that a court may grant injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"); Spring Mount, 555 F. Supp. 2d at 543-44 ("When past infringement and a substantial likelihood of future infringements [are] established, a copyright holder is ordinarily entitled to a permanent injunction against the infringer." (quoting A&N Music Corp. v. Venezia, 733 F. Supp. 955, 958 (E.D. Pa. 1990))), and further finding that a statutory damages award of $3,600 for each of the three violations is a just and appropriate remedy,[4] see 17 U.S.C. § 504(c) (providing that a copyright holder may elect to recover "an award of statutory damages for all infringements involved in the action, . . . in a sum of not less than

---

[3] BMI licensing personnel sent more than thirty (30) letters and made more than one hundred (100) telephone calls to defendants regarding their violations. (Doc. 14 ¶¶ 3, 5, 6, 8 (declaration of BMI Vice President of Sales and Licensing)). Defendants continued to infringe BMI-licensed musical compositions despite these communications from BMI. (Id.) Such conduct, coupled with defendants' failure to appear or defend in this action, represents a willful violation of the Copyright Act. See Broad. Music, Inc. v. It's Amore Corp., No. 08-CV-570, 2009 WL 1886038, at *7 (M.D. Pa. 2009) (citing Kepner-Tregoe, Inc. v. Vroom, 186 F.3d 283, 288 (2d Cir. 1999)); Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 537, 542 (E.D. Pa. 2008). The court finds that there is a substantial likelihood that defendants will continue to violate the Copyright Act absent injunctive relief.

[4] Plaintiffs request statutory damages in the amount of approximately two (2) times the licensing fees lost as a result of defendants' infringement. (See Doc. 14 ¶ 17 (stating that licensing fees would have been approximately $5,530.00)). Similar awards are regularly approved by district courts. See It's Amore, 2009 WL 1886038, at *8 (awarding damages of three and one-half times the lost licensing fees and stating that "courts routinely compute statutory damages in cases . . . [involving copyright infringement] between two to six times the license fees defendants 'saved' by not obeying the Copyright Act" (quoting EMI Mills Music Inc. v. Empress Hotel, Inc., 470 F. Supp. 2d 67, 75 (D.P.R. 2006))).

$750 or more than $30,000 as the court considers just"), and that the requested attorney's fees and costs are reasonable,[5] it is hereby ORDERED that:

1. The motion (Doc. 11) for default judgment is GRANTED.

2. Default judgment is ENTERED in favor of plaintiffs and against defendants in the amount of $15,561.75, plus interest, consisting of:

   a. Statutory damages in the amount of $3,600.00 for each of three total violations, for a total of $10,800.00, plus interest, pursuant to 17 U.S.C. § 504(c) and 28 U.S.C. § 1961.

   b. Attorney's fees in the amount of $4,275.00, and costs in the amount of $486.75, plus interest, pursuant to 17 U.S.C. § 505 and 28 U.S.C. § 1961.

---

[5] In an affidavit filed with the court, Stanley H. Cohen, Esquire, ("Attorney Cohen"), counsel for plaintiffs, details his experience in copyright litigation, as well as his specific services and costs in this matter. (See Doc. 12). Attorney Cohen has more than fifty (50) years of copyright experience, and he has represented BMI in more than one hundred (100) copyright infringement actions. (See id. ¶¶ 3-16, 20). Attorney Cohen charged plaintiffs an hourly rate of $450, representing a more than twenty percent (20%) discount from his usual hourly rate of $575. (Id. ¶ 19). The court finds Attorney Cohen's hourly rate to be reasonable and appropriate given his experience and expertise, and the court further finds the total number of hours billed to plaintiffs thus far to be reasonable, appropriate, and proportionate at this stage of the litigation. (See id. ¶¶ 24-26 (requesting counsel fees of $4,275.00 for 9.5 hours worked)); see also Broad. Music Inc. v. Shane's Flight Deck, Ltd., No. 09-CV-2151, 2010 WL 4916208, at *1 n.3 (M.D. Pa. Nov. 24, 2010) (Conner, J.) (approving Attorney Cohen's discounted fee of $450 per hour for 18.8 hours worked in similar procedural posture); It's Amore, 2009 WL 1886038, at *9 (Munley, J.) (approving Attorney Cohen's undiscounted fee of $575.00 in copyright infringement action).

3. Defendants are permanently ENJOINED from infringing, in any manner, the copyrighted musical compositions licensed by plaintiff BMI.

4. The Clerk of Court is directed to CLOSE this case.

          /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania